### T. W. COMBS v. THE STATE.

#### No. 7798.  Decided June 13, 1923.

#### Abated October 31, 1923.

**Selling Intoxicating Liquor—Practice on Appeal—Abatement.**

Where, upon appeal from a conviction of selling intoxicating liquor, the judgment was affirmed, and appellant filed a motion for a rehearing, and it having been made known to this court by affidavit that appellant has since died, the appeal is abated.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Felix D. Robertson.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*A. H. Mount* for appellant.

*R. G. Storey* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Dallas County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The evidence in the case amply supports the judgment. There are four bills of exception in the record, one complaining of the fact that a prospective juror answered upon his *voir dire* that he was interested in the defense of a liquor case because of the fact that he was the father-in-law of a man who was under indictment in another court in the county for a violation of such law. The district attorney asked him if he had reference to the case of Henry Belcher who was under indictment for the murder of Tom Woods growing out of a raid on a still. The matter complained of presents no error that would in anywise affect appellant's case. Nor is there merit in the matter complained of in appellant's second bill of exceptions reserved to the refusal of the court to give a special charge asked. Another bill of exceptions complains of a charge seeking to have the jury told that they should acquit if they had a reasonable doubt as to whether the delivery of the liquor was a gift and not a sale. Complaint is made also of the refusal of a charge on circumstantial evidence. An examination of the bills of exception and statement of facts causes us to conclude no error appears on the part of the trial court in any of the matters complained of. The testimony was not circumstantial. The fact that the purchaser of the liquor, who seemed inclined to aid appellant by his testimony, would not be certain what money was given back to him by appellant when he handed him a five dollar bill in payment of the liquor, would not seem to affect the sufficiency of the testimony.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

October 31, 1923.

MORROW, Presiding Judge.—Since the rendering of the original opinion in this case, there has been filed an affidavit, duly authenticated, to the effect that the appellant died on September 12, 1923.

The appeal is therefore abated.

*Abated.*